Filed 8/6/21  P. v. Cooper CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075699 |
| v. | (Super.Ct.No. FBA700295) |
| SEGIERAY EMANUEL COOPER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Affirmed.

Spolin Law and Aaron Spolin for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Holly D. Wilkens, Robin Urbanski, and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

In 2007, while petitioner Segieray Cooper was in the Army, his seven-month-old son died while in his care. In 2010, he was found guilty of murder, among other things, and sentenced to 25 years to life in prison.

In 2019, he filed a petition for resentencing under section 1170.91.[1] That section allows a veteran who may be suffering from one of certain disorders as a result of his or her military service to obtain resentencing, so that the trial court can consider that disorder as a mitigating factor when choosing whether to impose a low, mid, or upper determinate sentencing term.

The trial court denied the petition on two alternative grounds: first, that petitioner had not shown that he had post-traumatic stress disorder (PTSD) at the time of the crime; and second, that he was not eligible for relief because he could not be sentenced to any determinate term.

In this appeal, petitioner contends:

(1) The trial court erred by ruling that he was ineligible for relief.

(2) The trial court erred by denying him a continuance so that he could subpoena a psychologist who had diagnosed him as having PTSD.

We find no error. Hence, we will affirm.

---

[1] This and all further statutory citations are to the Penal Code.

2

# I

## STATEMENT OF THE CASE

In 2010, in a jury trial, petitioner was found guilty of second degree murder (§ 187, subd. (a)) and assault on a child under eight causing death (§ 273ab, subd. (a)). He was sentenced to a total of 25 years to life in prison.

In 2019, he filed a petition for resentencing under section 1170.91. He attached documents showing that he had served in the Army from 2005 through 2011.

The People filed an opposition to the petition. They objected to the attached documents as hearsay. They also argued, among other things, that section 1170.91 did not apply because petitioner was not subject to determinate sentencing.

The hearing on the petition was repeatedly continued, ultimately for 16 months. When it was finally held, petitioner submitted an expert psychologist's report, which concluded that he had PTSD. The People objected to the report as hearsay. Petitioner requested a continuance so that he could call the psychologist to testify. The trial court denied a continuance.

After hearing argument, the trial court denied the petition. It noted that, although the documents submitted by petitioner were hearsay, it had reviewed them. It explained: "[T]here is no real evidence of [PTSD] for the court to consider as you have not met a burden of causation between that military experience and the offense . . . ." "[T]he evidence of [PTSD] is a diagnosis of 10 years plus after the incident." It also ruled that

3

section 1170.91 did not apply because petitioner was not subject to determinate sentencing.

## II

## THE SIGNIFICANCE OF INDETERMINATE SENTENCING

Petitioner contends that the trial court erred by denying the petition.

The trial court denied the petition on several alternative grounds; one was that section 1170.91 did not apply, because petitioner was not subject to any determinate terms. In his opening brief, petitioner did not take issue with that ground; he merely claimed that he had adequately proven that he had PTSD as a result of his military service. He took issue with it only belatedly, in his reply brief. Hence, he has forfeited any challenge to this ground. (See *People v. Rangel* (2016) 62 Cal.4th 1192, 1218-1219.)

Even if not forfeited, his challenge lacks merit.

Section 1170.91 was enacted in 2014. The original statute (which is now subdivision (a)) allows a court, "when imposing a term under subdivision (b) of Section 1170," to consider the fact that the defendant "is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service . . . as a factor in mitigation . . . ." (§ 1170.91, subd. (a); see also former § 1170.91, Stats. 2014, ch. 163, § 2, p. 2228.)

In 2018, subdivision (b) was added. It permits retrospective relief from a final judgment. Specifically, it provides, as relevant here:

4

"A person currently serving a sentence for a felony conviction . . . who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence . . . to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

"(A)  The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

"(B)  The person was sentenced prior to January 1, 2015."  (§ 1170.91, subd. (b).)

Significantly, subdivision (b) permits resentencing only "pursuant to subdivision (a)"; and subdivision (a) applies only "when imposing a term under subdivision (b) of Section 1170."

Subdivision (b) of Section 1170 applies when a statute provides for a determinate upper, mid, and lower term.  In selecting the appropriate term, the trial court must consider factors in mitigation and aggravation, if any.[2]

---

[2]      Specifically, section 1170, subdivision (b) provides:

"When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . .  In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation

*[footnote continued on next page]*

5

In accordance with this statutory language, this court recently held that "a petitioner is not eligible for relief under section 1170.91 unless he or she would be resentenced under section 1170, subdivision (b) — i.e., unless the potential penalty for at least one element of the sentence is a determinate triad." (*People v. Stewart* (July 9, 2021, E074907) ___ Cal.App.5th ___, ___ [2021 Cal. App. LEXIS 569 at p. *6]; accord, *People v. Estrada* (2020) 58 Cal.App.5th 839, 843.)

Here, the prescribed sentence for assault on a child under eight causing death is an indeterminate term of 25 years to life. (§ 273ab, subd. (a).) The prescribed sentence for second degree murder is an indeterminate term of 15 years to life. (§ 190, subd. (a).) It follows that petitioner was categorically ineligible for relief under section 1170.91.

Petitioner argues that "the fact [he] was *initially sentenced* to an indeterminate sentence does not preclude relief pursuant to [section] 1170.91." (Italics added.) That is technically correct but misleading. What *does* preclude relief is the fact that he would have to be *resentenced* (if at all) to an indeterminate sentence. There was no possibility that he could receive a determinate term on resentencing.

Petitioner does not contend that the trial court could have granted the petition so it could consider his alleged military-related disorder in deciding whether to place him on *probation*. In any event, we conclude that it could not. Once again, section 1170.91

―――――――――

submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing. The court shall select the term which, in the court's discretion, best serves the interests of justice."

allows a trial court to consider a defendant's military-related disorder only "when imposing a term under subdivision (b) of Section 1170 . . . ." Section 1170, subdivision (b) is not concerned with probation; probation is the subject of a separate series of statutes. (§ 1202.7 et seq.)

The trial court therefore properly denied the petition.

## III

## THE DENIAL OF A CONTINUANCE

Petitioner contends that the trial court erred by denying his request for a continuance.

A. *Additional Factual and Procedural Background.*

A hearing on the petition was originally set for April 12, 2019. However, it was continued repeatedly.. On February 19, 2020, the trial court heard argument, then continued the hearing again.[3] The hearing was continued further due to the COVID-19 pandemic.

The hearing was finally held on August 18, 2020. Defense counsel submitted a psychological report dated August 10, 2020. Next, she requested a continuance so the trial court "would have time to review the report and consider it . . . ."

The prosecutor objected to the report as hearsay. Defense counsel then requested a continuance so she could call the psychologist to testify.

---

[3] We have not been provided with a reporter's transcript of this hearing.

The trial court responded: "[T]he case . . . was continued for a while for your client to be interviewed by an expert . . . . [T]oday would be your opportunity to present the evidence. So to now ask for a continuance kind of last minute really isn't — is not appropriate."

Defense counsel said: "I guess it wasn't even clear to me that we were allowed to have witnesses. I didn't know if the court was open for that."

The trial court said: "Well, [the prosecutor] made his objection last time or the time before . . . that he would object to hearsay being presented. And so the prior [defense] counsel was aware that that would be an opportunity for live testimony. That's why I set aside, basically today, for live testimony for you and your client to have an opportunity to do so and plenty of notice to subpoena witnesses."

It therefore denied a continuance. However, with the prosecutor's consent, it agreed to review the psychological report; it took a break for this purpose.

B.      *Discussion*.

"Continuances shall be granted only upon a showing of good cause." (§ 1050, subd. (e).) "When a continuance is sought to secure the attendance of a witness, the defendant must establish 'he had exercised due diligence to secure the witness's attendance, that the witness's expected testimony was material and not cumulative, that the testimony could be obtained within a reasonable time, and that the facts to which the witness would testify could not otherwise be proven.' [Citation.]" (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037.)

8

"A trial court has broad discretion to grant or deny continuances. [Citations.] We review a trial court's denial of a continuance request for abuse of discretion. [Citation.]" (*People v. Mora and Rangel* (2018) 5 Cal.5th 442, 508.)

Here, the trial court could reasonably find a lack of diligence. It noted that the prosecutor had objected to hearsay before, and that the defense was on notice that it would need to call witnesses. From the record, presumably this happened at the hearing on February 20; in the absence of a reporter's transcript of that hearing, petitioner cannot show that it did not happen. Nevertheless, the defense did not obtain a psychological report until August 10, and it did not subpoena the psychologist at all.

Separately and alternatively, the denial of a continuance, even if erroneous, was harmless. As we held in part II, *ante*, the crimes of which petitioner had been convicted made him categorically ineligible for resentencing. The psychologist's testimony, no matter now compelling, could not change this.

IV

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MENETREZ
J.

9